| 2 | 347 |
|----|-----|
| 55 | 402 |

---

## JAMES BRUEN v. LEMUEL M. CRANE and others.

Where the assignment of a judgment constituting a lien on mortgaged premises is absolute and unconditional, the assignor is not a necessary party to a bill for foreclosure.

The multiplication of parties should be avoided whenever they have no interest at stake in the cause.

BILL for foreclosure. The bill charges, that one William Green had recovered a judgment in the circuit court of the county of Essex, which remained a lien on the mortgaged premises, and that the said judgment had been assigned to one Daniel Price. The assignee of the judgment was made a party to the suit, but the assignor was not. A demurrer was filed to the bill on behalf of Lemuel M. Crane and others, defendants, assigning for cause of demurrer, that William Green, the as-

[Bruen v. Crane et al.]

signor of the judgment, was not made a party. The cause was heard upon the demurrer.

*W. M. Scudder*, in support of the demurrer, insisted, that the assignor as well as the assignee of a judgment must be made a party, for the legal right of action remains in the assignor ; the equitable interest only is transferred to the assignee. He cited *Mitford's Pl. by Jeremy*, 179 ; 1 *Vesey, jr.* 463 ; *Calvert on Parties*, 240 ; *Edwards on Parties*, 175.

*O. S. Halsted*, contra.

THE CHANCELLOR. The assignor of a judgment assigned is a proper party, but not an indispensable one. I am aware that the cases cited in support of the demurrer, do indeed require the assignor to be made a party in all cases, but the whole subject will be found reviewed in *Story's Equity Pleading*, 149, and the above distinction taken. Where the assignment is absolute and unconditional, there is no reason for making the assignor a party. It has been decided in this court* that a mortgagor, who has parted with the equity of redemption, is not a necessary party ; and I can see no stronger reason for making the assignor of a judgment a party, than the mortgagor who has parted with all his interest in the lands. The multiplication of parties should be avoided whenever they have no interest at stake in the cause ; it can only tend to create expense and embarrassment.

The demurrer must be overruled, with costs.

* Vreeland v. Loubat, ante, page 104.